hAMY, J.,
concurring.
I agree with the majority opinion that an affirmation is warranted in this matter. However, I differ with that portion of the opinion discussing whether the parties were co-owners and what type of fiduciary duties may or may not have been breached by the defendant’s actions. My review of the facts presented here leads me to believe that the parties were co-owners of the mineral rights both before and after the time of the negotiations with the geologist and, in turn, his negotiations with the oil company. While the plaintiff and defendant may have partitioned their interest in the mineral rights at some point, they rejoined their portions in indivisión once again.
Due to my conclusion regarding co-ownership, I believe the next critical inquiry to be whether any duties stemming from the co-owner relationship were breached. I find no demonstration that any fiduciary responsibility arising from the relationship was breached. According to La.R.S. 31:176, a co-owner of a mineral servitude may act to prevent waste, destruction, or extinction of the servitude. The statute also provides that the co-owner “may lease or otherwise contract regarding the full ownership of the servitude but must act at all times in good faith and as a reasonably prudent mineral servitude owner whose interest is not subject to co-ownership.” Furthermore, the comments to La.R.S. 31:176 indicate the requirement Uof good faith and reasonable prudence may entail duties less comprehensive than those of a full fiduciary relationship.
After considering the above standard, I do not find that the defendant’s negotiations with outside parties, and the failure to disclose the resulting relationship, constitute a breach of duty stemming from the co-ownership. Rather, in my view, the defendant was validly exercising its rights as an owner of a mineral servitude. This view is supported by the comment to La. R.S. 31:109, which is cited in the comment to La.R.S. 31:176. Regarding the obligation owed by an executive interest owner[1], the comment to La.R.S. 31:109 provides as follows:
[T]he executive should not be bound to bargain selflessly as a fiduciary but should be free to consider his own economic position in determining which way to structure the lease transaction.
The illustrations contained in that comment further indicate, however, that the executive interest owner should not be allowed to structure the transaction in such a manner as to deprive the mineral royalty owner of a share in additional royalty. In the instant matter, no such problem occurred, as the plaintiff obtained the same royalty on its proportional interest as the defendant. It was only the override por *874 tion that the plaintiff did not share in. Accordingly, I do not find that the defendant has breached any duty owed,

. The comment to La.R.S. 31:176 indicates that the mineral servitude co-owner owes the same duty as the executive interest owner.